WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
LINDA ORDONIO DIXON, SBN 172830 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3070
Fax No. (415) 522-3425
Linda.Ordonio-Dixon@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIALYSIS CLINIC, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>Civil Rights - Employment Discrimination<br><br>[Americans with Disabilities Act, 42 U.S.C. § 12101, et. sec, as Amended]<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, to correct unlawful employment practices on the basis of disability (breast cancer) and to provide appropriate relief to Charging Party, Francisca Lee, who was adversely affected by such practices. Defendant Dialysis Clinic Inc. discriminated against Ms. Lee, a qualified individual with a disability, by failing to provide her with a reasonable accommodation and discharging her because of her disability. Defendant further discriminated against Ms. Lee by failing to rehire her because of her disability, or because it regarded her as disabled or because of a record of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), as amended by the ADA Amendments Act of 2008, which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the State of California, County of Sacramento and City of Sacramento, thus venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." (Section 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3)). Venue is therefore proper in the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), as amended, which incorporates by reference sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), as amended.

4. At all relevant times, Defendant Dialysis Clinic Inc. ("Defendant") has continuously done business as Dialysis Clinic Inc., in the State of California, County of Sacramento and City of Sacramento, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), as amended, which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2), as amended.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party Francisca Lee filed a charge with the Commission, alleging violations by Defendant of Title I of the ADA, as amended. The conciliation efforts required by law have occurred and were unsuccessful.

    (a) On September 11, 2013, the Commission issued to Defendant a Letter of Determination inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

    (b) On January 23, 2014, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that despite its efforts the Commission was unable to secure from Defendant a conciliation acceptable to the Commission.

8. Since at least April of 2009, Defendant has engaged in unlawful employment practices at its facility in Sacramento, California, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a), as amended, by, *inter alia*, failing to provide a reasonable accommodation to Ms. Lee, discharging her because of her disability, and refusing to rehire her because of her disability, or because it regarded her as disabled, or because of her record of a disability. Ms. Lee had breast cancer which substantially limited her in the major life activity of normal cell growth. During her surgery, treatment and recovery period, Ms. Lee could not perform the daily tasks of caring for herself because she was weakened from her impairment and its treatment. She currently takes medication to prevent recurrences.

9. Defendant hired Ms. Lee as a nurse at its Southgate Drive location in Sacramento in 1995. In October of 2008, Ms. Lee was diagnosed with breast cancer. Her disability required her to take a medical leave of absence beginning in December of 2008.

10. Defendant has a policy of terminating employees who are unable to return to work within 30 days after the exhaustion of their twelve working-week FMLA leave time. In accordance with this policy, on or about April 9, 2009, Defendant removed Ms. Lee from employment, and on April 20, 2009, Defendant notified Ms. Lee by mail that she was terminated, indicating: "FMLA and personal leave exhausted."

11. At the time of the termination Ms. Lee had been on medical leave for approximately four months for the surgery, treatment, and recovery of her breast cancer. Defendant did not explore any accommodations with Ms. Lee regarding extending her medical leave. Ms. Lee was told that she would need to reapply for her position when she was released to return work. Ms. Lee's oncologist had released her to return to work "without restrictions" on June 1, 2009.

12. On May 7, 2009, Ms. Lee applied to be rehired into any nursing position and indicated that she could start at any time after June 1, 2009. Thereafter, she made follow-up calls to check on the status of her application and the availability of positions. Ms. Lee was repeatedly told that there was no work available. In September of 2009, Defendant hired a recently licensed nurse into a staff nurse position.

13. The effect of the actions complained of in Paragraphs 8 through 12 above has been to deprive Ms. Lee of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

14. The unlawful employment practices complained of in Paragraphs 8 through 12 above were intentional.

15. The unlawful employment practices complained of in Paragraphs 8 through 12 above were done with malice or reckless indifference to Ms. Lee's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, successors, assigns, and all persons acting in concert or participation with Defendant, from terminating the employment of an employee because of a disability, failing to reinstate or provide a reasonable accommodation to an employee because of a disability, and engaging in any other employment practice which discriminates against an employee on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination and eradicate the effects of their unlawful past and present employment practices.

C. Order Defendant to make whole Charging Party Francisca Lee by providing appropriate back pay and benefits with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D. Order Defendant to make whole Ms. Lee by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to out-of-pocket expenses necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Lee by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Ms. Lee punitive damages for its malicious or reckless conduct described above, in an amount to be determined at trial.

G.     Grant such further relief as the Court may deem just and proper in the public interest.

H.     Award the Commission its costs in this action.

## DEMAND FOR JURY TRIAL

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  July 8, 2014

| | |
|---|---|
| P. DAVID LOPEZ<br>General Counsel | By:  */s/ William R. Tamayo* (as authorized on 7/8/14)<br>WILLIAM R. TAMAYO<br>Regional Atorney<br>U.S. EEOC - San Francisco District Office |
| JAMES LEE<br>Deputy General Counsel | |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | By:  */s/ Jonathan T. Peck* (as authorized on 7/8/14)<br>JONATHAN T. PECK<br>Supervisory Trial Attorney<br>U.S. EEOC - San Francisco District Office |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1801 "L" Street, N. W.<br>Washington, D.C. 20507 | By:  */s/ Linda S. Ordonio Dixon*<br>LINDA S. ORDONIO DIXON<br>Senior Trial Attorney<br>U.S. EEOC - San Francisco District Office |