**JONATHAN T. PECK, SBN 12303 (VA)**
**LINDA ORDONIO DIXON, SBN 172830 (CA)**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (415) 522-3070
Fax No. (415) 522-3425
Linda.Ordonio-Dixon@eeoc.gov

*Attorneys for Plaintiff EEOC*

**TIM K. GARRETT, ESQ. (SBN 012084) (TN)**
**BASS, BERRY & SIMS PLC**
**150 THIRD AVENUE SOUTH, SUITE 2800**
**NASHVILLE, TENNESSEE 37201**
T.: 615.742.6200 | F.: 615.742.6293
tgarrett@bassberry.com

**BARBARA A. COTTER, ESQ. (SBN 142590)**
**COOK BROWN, LLP**
**555 CAPITOL MALL, SUITE 425**
**SACRAMENTO, CALIFORNIA 95814**
T.: 916.442.3100 | F.: 916.442.4227
bcotter@cookbrown.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>vs.<br><br>DIALYSIS CLINIC, INC.,<br><br>       Defendant. | Case No.: 2:14-CV-01623-TLN-KJN<br><br>**CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") brought this lawsuit under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability (breast cancer) and to provide appropriate relief to Charging Party, Francisca Lee, who was adversely affected by such practices.  The EEOC alleged that Defendant Dialysis Clinic Inc. ("DCI") discriminated against Ms. Lee, a qualified individual with a disability, by failing to provide her with a reasonable accommodation and discharging her because of her disability and the extended treatment and recovery time it required. The EEOC further alleged that DCI failed to reinstate/hire Ms. Lee due to her disability.  DCI had denied and does deny that it engaged in any unlawful conduct.

In the interest of resolving this matter the EEOC and DCI, (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree and without further contested litigation. The court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

**I.      GENERAL PROVISIONS**

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

This Consent Decree comprises the full and final resolution of all claims arising out the EEOC Charge filed by Francisca Lee (Francisca Lee v. Dialysis Clinic Inc., EEOC Charge #555-2010-00038) and all ADA claims pled in the Complaint and constitutes a complete resolution of all

claims of discrimination under the ADA that were made or could have been made by the EEOC based on Ms. Lee's charge of discrimination. This Consent Decree does not, however, resolve any future charge or charges that may be pending with the EEOC.

No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

This Consent Decree shall not constitute adjudication and /or a finding on the merits of this lawsuit and shall not be construed as an admission of any violation by Defendant.

This Consent Decree is final and binding. The Parties will each bear their own costs and attorney's fees in this action.

## II.    GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

Defendant and its officers, agents, employees, and successors and assigns at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from engaging in any of the following conduct: (a) unlawfully discriminating against any employee based on disability; or (b) retaliating against any person because he or she: (i) made a request for a reasonable accommodation; (ii) opposes or opposed discriminatory practices made unlawful by the ADA; (iii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; and/or (iv) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

**III.   SPECIFIC INJUNCTIVE RELIEF**

    **A.   POLICIES**

Within ninety (90) days of entry of this Consent Decree, Defendant shall revise its policies or, if necessary, adopt new policies with regard to the extension of medical leave as a reasonable accommodation for a qualified individual with a disability. The policies will provide for the following:

**Extension of Medical Leave** - Defendant shall revise its policies, as necessary, to confirm its practice of engaging in an interactive process in response to requests for accommodation due to an employee's disability and to include providing extended medical leave for employees whose medical provider(s) have determined that their disability or disability condition requires the requested additional time for treatment and/or recovery. Defendant shall provide such extended leave through the date of the disabled employee's medical certification unless defendant can demonstrate by the factors set forth in 29 C.F.R 1630.2(p) that providing such extended leave due to the disabled employee's condition constitutes an undue hardship as defined by 42 U.S.C. 12111 (10).  Defendant's thirty (30) day limitation on personal leave shall not apply to medical leave taken due to an employee's disability.

**Job Protection** - When an employee takes a medical leave of absence due to his/her disability, s/he will be entitled to return to the employee's original position at the conclusion of that leave.  If the original position is no longer available, DCI will engage in the interactive process with the employee to find a suitable position and/or to consider other reasonable accommodations which will allow the employee to continue employment with DCI.

**Written Notice Requirement**- When a disabled employee has taken in excess of thirty (30) days of medical leave and/or has provided medical certification that indicates the employee

requires medical leave in excess of thirty (30) days, DCI shall inform the employee, in writing, of the availability of extended leave as a reasonable accommodation and provide a copy of the policy as revised in accordance with paragraph 1 above. The notice shall explain that notwithstanding the company's general rule limiting personal leave to thirty (30) days, a disabled employee will be granted an extension of medical leave in excess of the thirty (30) day limit, in addition to any available FMLA leave, if applicable, and if needed by the employee as a reasonable accommodation under the ADA. The letter will also inform the employee that absent undue hardship, during such leave, the employee will have the right to reinstatement to his/her job, or if unavailable, to an available, substantially similar position. The letter will further explain that, if the original position is no longer available and if a substantially similar position is likewise not available, DCI will engage in the interactive process with the employee to find a suitable position and/or to consider other reasonable accommodations which will allow the employee to continue employment with DCI. This letter shall be sent to the employee no later than ten (10) days after DCI receives notice of the need for leave in excess of thirty (30) days, unless the employee has been released to return to work in the interim.

**Policy Dissemination** - DCI shall disseminate all policies revised pursuant to this Consent Decree to all current employees with supervisory and/or human resources responsibilities over California employees in a manner consistent with its current practices and shall make the policies available on the company's intranet site.

**B.  TRAINING**

Within one hundred and twenty (120) days of entry of this Consent Decree, all employees of DCI with supervisory and/or human resources responsibilities over California employees will receive an initial training regarding the extension of medical leave as a reasonable accommodation.

The training shall include specific instruction as to DCI's procedures and policies governing reasonable accommodation and will include example scenarios specifically related to the availability of extensions of medical leave as a reasonable accommodation under the ADA. The training shall be conducted by a third-party with established experience regarding the Title I of the ADA. The duration of the training shall be no less than one hour.

For the duration of the decree, Defendant shall provide the initial training described above to every newly hired employee of DCI with supervisory and/or human resources responsibilities over California employees.

Thereafter, and continuing during the duration of this Consent Decree, DCI shall incorporate the issue of medical leave extensions under the ADA in its yearly anti-discrimination training for employees with supervisory and/or HR responsibilities over California employees. The portion of the training devoted to ADA leave extensions shall be no less than fifteen minutes. The training should be administered by DCI personnel knowledgeable of the ADA and the company's policies and procedures related to the granting of medical leave as a reasonable accommodation. The training will summarize DCI's procedures and policies regarding such leave. The training shall be administered once each year for the duration of the Consent Decree.

The training provisions of this Consent Decree can be satisfied through the use of an assigned and tracked online education module.

The copies of the materials to be used for the foregoing training shall be provided to the EEOC within thirty (30) days prior to the respective training. In addition, DCl shall provide certification to the EEOC when all employees with supervisory and/or human resources responsibilities over California employees have completed each training session.

All costs of training shall be borne by Defendant.

### C.   POSTING

The Notice of the Consent Decree, attached hereto as Exhibit A, shall be posted within thirty (30) days of entry of this Decree, and shall remain posted on company bulletin boards located in employee break areas at each of DCI's California locations for the duration of the Decree. Should the Notice become defaced, marred, or otherwise made unreadable, DCI will ensure that new readable copies of the Notice are posted. Within sixty (60) days of entry of this Decree, DCI will send the EEOC a certification that the Notice has been posted in accordance with this paragraph.

### D.   REPORTING

DCI shall make the following reports no later than December 31 for each year for the duration of the decree.

1. For each reporting time period, Defendant shall identify each California employee who, due to the employee's own serious health condition, has exhausted all available FMLA leave.
   a. Name of the individual
   b. Home Address, phone numbers and email address of the individual
   c. Current employment status of the employee, example, on medical leave, laid off, etc.

2. For each reporting time period, Defendant shall identify each California employee who has not returned to the employee's original position after an extended medical leave in excess of thirty (30) days. The report will contain the following information:
   a. Name of individual
   b. Home Address, phone numbers and email address of the individual
   c. A detailed explanation as to why the individual could not be accommodated and/or placed in their original position.

3. For each reporting time period, Defendant shall verify and confirm that the posting requirements described in section III.C., above, have been met.

4. For each reporting time period, DCI shall verify and confirm that all training requirements described in section III. B., above, have been met.

**E.     MONETARY RELIEF**

In settlement of the EEOC's claims in this lawsuit, and upon its receipt of Ms. Lee's execution of the attached release, Defendant shall pay to Francisca Lee the gross amount of $190,000, from which Defendant will make applicable legal withholding, hereinafter "Settlement Sum," to be paid as follows:

Payment shall be made no later than thirty (30) days after the entry of this Consent Decree. Payment shall be in the form of cashier's check(s) or other certified funds made payable to "Francisca Lee." The check(s) shall be sent to Ms. Lee via certified delivery at her home address, which will be provided to Defendant.  The Settlement Sum shall be allocated as one-half (or $95,000.00) payable to Ms. Lee as back wages, from which DCI will make all applicable withholding and will issue to Ms. Lee an IRS Form W-2, and the other half (or $95,000.00), payable to Ms. Lee as payment for alleged compensatory damages, for which DCI will issue to Ms. Lee an IRS Form 1099.  Based upon the allegations of the Complaint, this allocation of the Settlement Sum is reasonable.

DCI will mail a photocopy of the payment to the EEOC's counsel of record, Linda Ordonio- Dixon, at 450 Golden Gate Ave., 5th Floor West, PO Box 36025, San Francisco, CA 94102-3661 simultaneously with the mailing of Ms. Lee's check.

**IV.     RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

This Consent Decree shall terminate three years from the date of entry by the Court, unless the EEOC petitions this Court for an extension of the Decree because of non-compliance by DCI.

If the EEOC determines that DCI has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the Court and the Court finds DCI to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

Except for the Court's retention of jurisdiction solely to enforce this Consent Decree as provided in the preceding paragraph, for three years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, effective with Court's approval of this Consent Decree, and the parties will execute a stipulated dismissal with prejudice to that effect. DCI will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that DCI has failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

IT IS SO ORDERED:

Dated: September 11, 2015

_____
Troy L. Nunley
United States District Judge

Approved as to form:

DATED: September 4, 2015            U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


By: /s/ Jonathan T Peck_____
    JONATHAN T. PECK
    EEOC Regional Attorney
    *as authorized on September 2, 2015


By: /s/ Linda Ordonio Dixon_____
    LINDA ORDONIO DIXON
    EEOC Senior Trial Attorney



BASS, BERRY & SIMS PLC


By: /s/ Tim K. Garrett_____
    TIM K. GARRETT, ESQ.
    Attorneys for Defendant
    *as authorized on September 2, 2015



COOK BROWN, LLP


By: /s/ Barbara A. Cotter_____
    BARBARA A. COTTER, ESQ.
    Attorneys for Defendant
    *as authorized on September 2, 2015

# NOTICE TO ALL EMPLOYEES

This notice is being posted pursuant to a Consent Decree issued by the Federal Court in a lawsuit brought against Dialysis Clinic Inc. (DCI). [EEOC v. Dialysis Clinic Inc., Civil Action **2:14- CV-01623 TLN KJN**, United States District Court of California- Sacramento.]

Under the Consent Decree, DCI is prohibited from discriminating against any disabled employee who may need extended medical leave in order to accommodate their disability. In this case, the EEOC alleged that DCI failed to accommodate an employee by allowing her to extend her medical leave so that she could return to work after treatment for a disability. DCI denied all claims and allegations.

The consent decree in this case requires DCI to implement policies and procedures which will allow a disabled employee to take a medical leave of absence as needed for a disability with return to work protection. DCI must also conduct training for its California supervisors and managers regarding the revised policies and procedures. The EEOC will conduct monitoring in order to insure the company's compliance to the decree.  This Notice is to be posted in all DCI California clinics.

Should you have any questions or complaints of discrimination, you can follow the complaint procedures established by the company, or you can contact the Equal Employment Opportunity Commission (EEOC). The EEOC is the federal agency that enforces federal anti-discrimination in employment laws such as the Americans with Disabilities Act, which prohibits disability discrimination. The EEOC charges no fees for its services, and has employees that speak languages other than English, including Spanish and Tagalog.

For information about the EEOC, including the location nearest to you contact:

Website: www.eeoc.gov
Phone number: (800) 669-4000
TDD: (515) 625-5610
Email: info@ask.eeoc.gov

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT MUST NOT BE DEFACED OR OBSCURED.**

14362207.5